**JESSICA A. BETLEY**
**TARA J. ELLIOTT**
**Assistant U.S. Attorneys**
**U.S. Attorney's Office**
**P.O. Box 3447**
**Great Falls, MT 59403**
**119 First Ave. North, Suite 300**
**Great Falls, MT 59403**
**Phone: (406) 761-7715**
**FAX: (406) 453-9973**
**E-mail: Jessica.Betley@usdoj.gov**
**Tara.Elliott@usdoj.gov**

**ATTORNEYS FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 14-96-GF-BMM** |
| **Plaintiff,** | **MOTION FOR FINAL ORDER OF FORFEITURE** |
| **vs.** | *(Drug Conspiracy)* |
| **JOSE LUIS ALVARADO,** **HARVEY RICHARD BRANDEN,** **JR.,** **TERRY LEROY BRASDA,** **TYLER CHARLES BRIGHT-GOODSELL,** **SAMUEL CALE CHAPMAN,** **JOHN EDWARD DERRY,** **WILLIAM THOMAS DIXON,** **JAIME GARCIA,** **(cont'd)** | |

| LAWRENCE GEORGE GRINER, JR., JEFFREY EDWARD JUNE, COREY JAMES LAMPERT, MARTIN EDWARD LELAND, JESSICA MARGARET MCKINLAY, JOSHUA ALBERTO RODRIGUEZ, MEGAN LYNN RUNSTROM, JUSTIN ROLAND TURNER, KATIE LEANN WAGNER, MICHELLE RENEE YALLUP, and SARAH JANE YOUNG, | |
| --- | --- |
| **Defendants.** | |

The United States of America, by and through Jessica A. Betley, Assistant United States Attorney for the District of Montana, hereby moves the Court to enter a Final Order of Forfeiture in this case. The basis for this motion is as follows:

1.     ALVARADO, BRASDA, GARCIA, GRINER, JUNE, LELAND, RODRIGUEZ, and YALLUP have been convicted of conspiracy to possess with intent to distribute, and to distribute, methamphetamine as charged in Count 1 of the Indictment in this case. In the Indictment, the United States gave notice to ALVARADO, BRASDA, GARCIA, GRINER, JUNE, LELAND, RODRIGUEZ, and YALLUP that, in the event of their conviction, they jointly and severally would be required to forfeit to the United States a sum of money equal to approximately $2,329,600 in United States Currency representing the total amount

of proceeds obtained as a result of the offense set forth in Count 1 of the Indictment.

2.      ALVARADO, BRASDA, GARCIA, GRINER, JUNE, LELAND, RODRIGUEZ, and YALLUP have each entered into a plea agreement with the United States in which they agreed to plead guilty to Count 1 of the Indictment and admit the forfeiture allegation.

      a.      ALVARADO pleaded guilty on February 3, 2015.

      b.      BRASDA pleaded guilty on December 17, 2014.

      c.      GARCIA pleaded guilty on February 23, 2015.

      d.      GRINER pleaded guilty on February 9, 2015.

      e.      JUNE pleaded guilty on January 12, 2015.

      f.      LELAND pleaded guilty on January 20, 2015.

      g.      RODRIGUEZ pleaded guilty on February 10, 2015.

      h.      YALLUP pleaded guilty on February 24, 2015.

3.      BRANDEN, BRIGHT-GOODSELL, CHAPMAN, DERRY, DIXON, LAMPERT, MCKINLAY, RUNSTROM, TURNER, WAGNER, and YOUNG have been convicted of conspiracy to possess with intent to distribute, and to distribute, methamphetamine as charged in Count 1 of the Superseding Information filed for BRANDEN, BRIGHT-GOODSELL, CHAPMAN, DERRY, DIXON, LAMPERT, MCKINLAY, RUNSTROM, TURNER, WAGNER, and YOUNG in

this case. In the Superseding Information, the United States gave notice to BRANDEN, BRIGHT-GOODSELL, CHAPMAN, DERRY, DIXON, LAMPERT, MCKINLAY, RUNSTROM, TURNER, WAGNER, and YOUNG that, in the event of their conviction, they jointly and severally would be required to forfeit to the United States a sum of money equal to approximately $2,329,600 in United States Currency representing the total amount of proceeds obtained as a result of the offense set forth in Count 1 of the Superseding Information.

4.     BRANDEN, BRIGHT-GOODSELL, CHAPMAN, DERRY, DIXON, LAMPERT, MCKINLAY, RUNSTROM, TURNER, WAGNER, and YOUNG have each entered into a plea agreement with the United States in which they agreed to plead guilty to Count 1of the Superseding Information and admit the forfeiture allegation.

    a.    BRANDEN pleaded guilty on January 6, 2015.

    b.    BRIGHT-GOODSELL pleaded guilty on January 5, 2015.

    c.    CHAPMAN pleaded guilty on November 18, 2014.

    d.    DERRY pleaded guilty on December 16, 2014.

    e.    DIXON pleaded guilty on February 9, 2015.

    f.    LAMPERT pleaded guilty on November 18, 2014.

    g.    MCKINLAY pleaded guilty on January 7, 2015.

    h.    RUNSTROM pleaded guilty on December 8, 2014.

i.  TURNER pleaded guilty on January 7, 2015.

j.  WAGNER pleaded guilty on December 8, 2014.

k.  YOUNG pleaded guilty on December 2, 2014.

5.  The United States has not, as of this date, identified specific assets derived from ALVARADO, BRANDEN, BRASDA, BRIGHT-GOODSELL, CHAPMAN, DERRY, DIXON, GARCIA, GRINER, JUNE, LAMPERT, LELAND, MCKINLAY, RODRIGUEZ, RUNSTROM, TURNER, WAGNER, YALLUP, and YOUNG'S crime of conspiracy to possess with intent to distribute, and to distribute, methamphetamine that can be seized and forfeited. Nor has the United States yet identified any property that could be forfeited as a substitute asset in accordance with 21 U.S.C. § 853(p).

6.  Accordingly, the United States seeks the entry of a Final Order of Forfeiture consisting of a personal money judgment, jointly and severally, against ALVARADO, BRANDEN, BRASDA, BRIGHT-GOODSELL, CHAPMAN, DERRY, DIXON, GARCIA, GRINER, JUNE, LAMPERT, LELAND, MCKINLAY, RODRIGUEZ, RUNSTROM, TURNER, WAGNER, YALLUP, and YOUNG in the amount of $2,329, 600.

7.  The entry of a Final Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. Such orders of forfeiture are commonplace.

*See United States v. Baker*, 227 F.3d 955, 969-970 (7th Cir. 2000) (a forfeiture order may include a money judgment for the amount of money involved in the money laundering offense; the money judgment acts as a lien against the defendant personally for the duration of his prison term and beyond); *United States v. Candelaria-Silva*, 166 F. 3d 19, 42 (1st Cir. 1999) (criminal forfeiture order may take several forms: money judgment, directly forfeitable property, and substitute assets).

8.     Once the Final Order of Forfeiture is entered, the government may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the defendant, having a value up to the amount of the money judgment, as substitute assets. *Candelaria-Silva*, 166 F. 3d at 42 (once the government has obtained a money judgment, it may forfeit defendant's real property in partial satisfaction of that judgment).

WHEREFORE, by virtue of the plea agreement and the determination of the amount of money derived from the offense for which ALVARADO, BRANDEN, BRASDA, BRIGHT-GOODSELL, CHAPMAN, DERRY, DIXON, GARCIA, GRINER, JUNE, LAMPERT, LELAND, MCKINLAY, RODRIGUEZ, RUNSTROM, TURNER, WAGNER, YALLUP, and YOUNG have been convicted, a money judgment should be entered against them.

Accordingly, the United States respectfully requests that this Court enter a final order of forfeiture as proposed.

Dated this 24th day February, 2015.

MICHAEL W. COTTER
United States Attorney


*/s/ Jessica A. Betley*
Assistant U.S. Attorney